# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Maria Lopez,

　　　　　　Plaintiff

v.

Medline Industries, a Foreign Corporation,

　　　　　　Defendant

Case No. 2:18-cv-01518-JAD-GWF

**Order Remanding
Case Back to State Court**

ECF No. 4

     In this removed action, plaintiff Maria Lopez sued in state court the manufacturer of the latex exam gloves she wore in her job as a nursing assistant, claiming that they caused her to suffer contact dermatitis requiring medical treatment. After manufacturer Medline Industries removed the case to federal court, Lopez moved to remand it, explaining that her medical bills are "less than $6,000.00," and there is "nothing in her complaint" that even suggests that this case is worth the $75,000 threshold required for federal subject-matter jurisdiction.[1] Medline opposes the motion, explaining that it attempted repeatedly to get in touch with plaintiff's counsel to confirm this valuation, with no success.[2] Medline does not even attempt to establish that this case has a value of at least $75,000.

     When a case is filed in state court between parties who are citizens of different states, and the case value exceeds $75,000, the defendant may remove the case to federal court.[3] "Federal courts are courts of limited jurisdiction."[4] Accordingly, there is a strong presumption against

---

[1] ECF No. 4 at 2.

[2] ECF No. 5.

[3] 28 U.S.C. §§ 1332, 1441, 1446.

[4] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[5] The defendant always has the burden of establishing that removal is proper.[6] This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement.[7] If the value of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met.[8] Conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the amount in controversy.[9]

Because the defendant has not established that this case meets the $75,000 jurisdictional threshold, IT IS HEREBY ORDERED that the Motion to Remand **[ECF No. 5] is GRANTED**. The Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Case No. A-18-777112-C, Dept. 31 and CLOSE THIS CASE**.

Dated: August 31, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[6] *Id*.

[7] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[8] *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[9] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted).

2